HEARD NOVEMBER TERM, 1878.

CASE No. 708.

E. C. WILLIAMS, TREASURER OF STONO PHOSPHATE COMPANY, v. WADE H. HARRISON AND J. W. HARRISON.

> An infant who signs a note as surety may, after attaining his majority, ratify his contract of suretyship, and thereby become bound by the terms of such contract.

Before MACKEY, J., at Greenville, April Term, 1878.

The only point involved in this appeal is as to the liability of Wade H. Harrison, who affixed his name and seal to a single-bill as surety merely, he being, at the time, an infant. After he attained his majority, and before the single-bill became payable, he wrote a letter to the payee, the plaintiff, which, upon its face, purports to be a promise to pay the sealed note.

The Circuit judge gave the defendant, Wade H. Harrison, a judgment of dismissal, upon the ground that the contract was void, and that no action could be maintained thereon. The plaintiff appealed.

*Messrs. Blythe & Ansel,* for appellants, contended that contract was voidable and not void, and cited 2 *H. Bl.* 511; *Bing. on Inf.* (1*st Am. ed.*) 8; *Tyler on Inf. & Cov.* 41, 48, 54–58; *Pars. on Mer. L.* 4, and *note;* *Chitty on Con.* (9 *Am. ed.*) 50; 2 *Bail.* 114; 4 *McC.* 221, 241; 9 *Rich.* 55; *Bail. Eq.* 223; 1 *Com. on Con.* 162; 11 *Serg. & R.* 305; and that respondent could ratify it after attaining his majority. 2 *Bail.* 114; 4 *McC.* 241; 9 *Rich.* 55.

*Messrs. Simonton & Barker,* on same side, cited the following additional authorities: 1 *N. & McC.* 33; 11 *Mus. & W.* 255; 3 *Wend.* 479; 14 *Mass.* 457; 1 *Am. Lead. Cas.* 244–248, *et seq.*

*Messrs. Earle & Wells,* for respondent, contended that contracts from which an infant derives no benefit, (as in this case,) are not simply voidable, but are void *ab initio.* Authorities cited: 4 *McC.* 242; 2 *H. Bl.* 515; *Tyler on Inf.,* § 9; 10 *Pet.* 70; *Story on Con.,* §§ 39, 57; *Story's Eq. Jur.,* § 241; *Schouler on Dom. Rel.,* §§ 532–541; 1 *Mason* 82; 7 *Humph.* 121; 13 *Mass.* 237; 3 *Rich.* 164; 2 *Hill Ch.* 540, 541.

April 14th, 1879. The opinion of the court was delivered by

WILLARD, C. J. The main question in this case is, whether a contract of suretyship made during minority, is, in judgment of law, actually void, so that no act of confirmation, after arriving at majority, could add validity to it. It must be conceded that the question is unsettled by judicial authority in this state. It is evident, from the language of the court in *Little* v. *Duncan,* 9 *Rich.* 58, extending the decision in *Chishire* v. *Barrett,* 4 *McC.* 241, to the case of a sealed instrument made by an infant, that the general tendency in the courts to uphold the effect of ratification after arriving at maturity, on contracts made during minority, was participated in by the court that decided that case. In view of this tendency, clearly manifest, and the unsettled state of authority elsewhere, we feel at liberty to place the decision of the present case on grounds of reason.

It is the misfortune of this question that it has become entangled with what, at this day, is quite another and distinct

question, namely, that of the authority and duty of the courts to uphold the acts of an infant, on the grounds of their manifest advantage to such infant, and independently of the effect of ratification after attaining majority. The lines of distinction drawn in reference to one of these questions do not accurately apply to the other. Assuming that a person being of full age, and, as such, chargeable with knowledge of his legal rights, deliberately determines that his interest or duty demands that he should recognize and discharge an obligation, imperfect through the fact of its assumption during minority, it would be difficult to find any sound reason why the courts should interfere to deny effect to such an act. If that responsibility rested on the court it might be well to consider the rules that should govern its exercise; but when it is assumed by the immediate party in interest, of competent age, and decided against himself, it does not seem to be a case calling for the interference of a court. The object of the rule that avoids the acts of infants is to protect the infant during a period when he is adjudged unequal to his own protection. If, after arriving at maturity, and no longer needing that protection, he deliberately subject himself to the obligation, the duty of protecting him against himself no longer subsists as binding the court, and he may well be permitted to stand or fall by his own views of interest or duty. Should an infant, immediately after arriving at age, being regarded by equity for certain purposes as in that condition more or less under the influence of his antecedent condition, assume an obligation under circumstances that would raise an implication of *mala fides* on the part of the obligee, it may well be that he could find relief in the application of equitable principles to his case. *Crosby* v. *Crosby,* 1 *S. C.* 337. But, assuming that in the present case his act is free from any circumstances that could deprive it of the character of a deliberate act, and there can be no reason short of the stern rule of *stare decisis,* that could warrant the defeat of such act. It is especially objectionable that the court should pronounce a transaction fair and legal on its face absolutely void for the purpose of applying as against an attempt to satisfy the operation of the purely technical rule that that which is void cannot be validated for the want of anything to become validated.

November Term, 1878.

What might be the effect, under the authorities, where the transaction bore on its face evidence that the immaturity of the obligor had been imposed upon, so that, as matter of law, the court could say that the transaction was a wrong done to the infant, need not be considered, as it is inapplicable to the present case. The mere fact that the infant assumed to become a surety for another, is not, in itself, ground sufficient to say that such dealing was a wrong to the infant. The most that can be said is, that the court cannot see how the infant could derive benefit from such an act; but that is not sufficient, if he, himself, after arriving at maturity, deliberately has determined the matter for himself. This direct question was decided in *Curton* v. *Patton*, 11 *Serg. & R.* 305. We think that the decision of the Circuit Court was erroneous in holding that the contract was incapable of ratification. The dismissal of the complaint must be regarded as equivalent to a non-suit. In this point of view it presents the question whether the letter of the defendant, proved in evidence, was sufficient to go to the jury on the question of ratification. On its face it purports to be a promise to pay the note in suit, made upon an offer that involved a new consideration, namely, forbearance to sue the other party to the note. If the proffer was accepted and acted upon it would constitute not only proof of confirmation but a new contract, assuming the old one to be incapable of ratification. It was for the jury to say whether this condition was accepted by the plaintiff.

There must be a new trial.

New trial granted.

McIVER and HASKELL, A. J.'s, concurred.